UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| ERNESTO MONELL,<br><br>    Petitioner,<br><br>V.<br><br>GREG KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 6:19-cv-73-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*Pro se* petitioner Ernesto Monell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] Monell asks the Court to set aside his conviction for various reasons, including ineffective assistance of counsel and the denial of his Sixth Amendment Confrontation Clause rights. Because Monell brings only constitutional challenges to his underlying sentence and does not identify any intervening changes in statutory law that would impact his Guidelines range or sentence, Monell's claims are not appropriate in this § 2241 proceeding. The Court, therefore, must **DENY** his petition.

I

In 2013, following a jury trial, Ernesto Monell was convicted of possession of a cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). *See United States v. Monell*, Case No. 1:12-cr-10187-FDS (D. Mass. 2012). Although Monell was initially sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Monell was resentenced to a decreased term of imprisonment. *See id.*, at R. 308, R. 359 therein. Monell is currently serving his sentence at the United States Penitentiary—McCreary in Pine Knot, Kentucky, and he seeks relief in this Court by way of a 28 U.S.C. § 2241 petition. [R. 1.]

Pursuant to 28 U.S.C. § 2243, Monell's petition is before the Court for a preliminary screening. Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Monell's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II

After reviewing Monell's petition, the Court finds he is not entitled to relief under 28 U.S.C. § 2241 even despite the leniency afforded to *pro se* petitioners. The memorandum attached to Monell's petition sets forth six grounds for relief, including various ineffective assistance of counsel claims against three different court-appointed defense attorneys and an alleged Sixth Amendment claim. [*See* R. 1-1 at 5-7.] All six of the grounds for relief are challenges to the legality of Monell's conviction and sentence, which may not be litigated by way of a § 2241 petition.

While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Because Monell's petition challenges the underlying sentence he actually received, not the manner in which his sentence is being executed, the petition should be dismissed.

2

To be sure, limited exceptions exist under which a federal prisoner may challenge the validity of a conviction or sentence in a § 2241 proceeding, but Monell's filing does not satisfy any of these exceptions. The Sixth Circuit Court of Appeals has explained that a prisoner can only challenge the validity of his sentence by way of § 2241 if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Monell has not demonstrated that either of those circumstances exist in his case. Instead, Monell has attempted to litigate arguments that he either already made or needed to make on direct appeal or in a § 2255 petition. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014).

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Monell's petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment will be entered contemporaneously herewith.

Dated March 19, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3